# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ENRIQUE VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EATON, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-0734-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff Felix Enrique Valdez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on May 7, 2021.  (ECF No. 1.)

　　　　Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits

1  relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

2  In his complaint, Plaintiff concedes that while there is a grievance procedure at his current institution, he did not submit a request for administrative relief on the facts in his complaint for review or appeal to the highest level of appeal available to him. (ECF No. 1.) Plaintiff states that, "there is no relief possible as the actions by the defendants already lead to me catching COVID-19." (*Id.* at 3.) Plaintiff seeks compensatory and punitive damages. Plaintiff's complaint is signed and dated April 19, 2021. (*Id.* at 6.) Based on the information in the complaint, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Failure to timely respond to the Order to Show Cause will result in a recommendation that this case to be dismissed without prejudice for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:  **August 10, 2021**          /s/ *Barbara A. McAuliffe*  
                                                             UNITED STATES MAGISTRATE JUDGE